*E-filed on*      10/11/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARC PRETSCHER,<br><br>  Petitioner,<br><br>  v.<br><br>JULIE GARZA; INTERNAL REVENUE COMMISSIONER;<br><br>  Respondents. | No. 07-MISC-80106 RMW<br><br>ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE<br><br>[Re Docket Nos. 1, 3] |

Petitioner Robert Pretscher filed a petition to quash administrative Internal Revenue Service ("IRS") summonses served on Wells Fargo Home Mortgage, Central Mortgage Company, Select Portfolio Servicing Inc., Downey Savings and Loan, and Wilshire Credit Corporation seeking bank records of mortgage payments made by petitioner. Respondent, the United States of America, opposes petitioner's motion to quash and moves to summarily enforce the summons. For the reasons set forth below, the court DENIES petitioner's petition to quash and GRANTS respondent's motion to enforce the petition.

# I. BACKGROUND

Revenue Officer Jule Garza was assigned to collect taxes assessed by the IRS against petitioner for the years 2001 through 2004. Decl. Julie Garza ¶ 1. On April 3, 2007, Garza served an IRS summons by certified mail to each Wells Fargo Home Mortgage, Central Mortgage Company, Select Portfolio Servicing Inc., Downey Savings and Loan, and Wilshire Credit Corporation (collectively "custodians or records") requesting bank records of mortgage payments by petitioner:

```
1) Original amount of obligation (mortgage).
2) Balance due on obligation (mortgage).
3) Kind of property involved.
4) Amount of each payment.
5) How account is secured.
6) Date and place instrument was recorded.
7) Loan and/or lease application(s).
8) Contract(s).
9) Associated Deed(s) of Trust.
10) Insurance documents.
11) Promissory Note(s).
12) Copies of the three most recent forms of payment.
```

*Id.* ¶¶ 2-4, Ex. A. The purpose of the summonses was to locate real property owned by petitioner so that notices of tax liens could be recorded to secure petitioner's payment of taxes for 2001 through 2004.

Petitioner contends that he has been classified by the IRS as a "tax protestor" and that it has abandoned the pursuit of a civil tax determination. Pet. ¶ 5(A). He asserts that the IRS instead is seeking to use the summonses "for the impermissible purpose of gathering evidence solely for a criminal investigation, and is attempting to circumvent the traditional role of the grand jury as the principal tool of criminal investigation in our society." *Id.* ¶ 5(B). Respondents attest that the IRS seeks the summoned information in order to determine assets owned or controlled by petitioner for purposes of collecting previously-assessed federal income tax due or owed by petitioner. Garza Decl. ¶¶ 7-8. Petitioner asserts that the "IRS has made a formal recommendation to the Department of Justice for prosecution of Petitioner or has made an informal determination and withheld the formal recommendation in order to use this civil process to circumvent the decision of the federal

courts." Pet. ¶ 5(C). According to respondents, no Justice Department criminal referral, as defined by 26 U.S.C. § 7602(d), is in effect with respect to petitioner. Garza Decl. ¶ 9.

Respondent now moves for enforcement of the summonses served upon the custodians of records. Mot. Dismiss at 2. The court will first address petitioners' petition to quash and then respondent's motion to enforce the third-party summonses.

## II.  ANALYSIS

### A.    Subject Matter Jurisdiction

Petitioner invokes the jurisdiction of this court under 26 U.S.C. §§ 7609(b). As an initial matter, respondents assert that this court lacks jurisdiction under 26 U.S.C. § 7609. According to respondent, petitioner was not entitled to notice of the summonses because they were was issued to aid in the collection of an assessment made against petitioner. *See* 26 U.S.C. § 7609(c)(2) (setting forth exceptions to the summonses to which the notice and rights to intervene set forth in § 7609 apply). 26 U.S.C. § 7609(c)(2)(D)(i) provides that the notice requirement and procedures to quash summons do not apply to any summons "issued in aid of the collection of an assessment made . . . against the person with respect to whose liability the summons is issued." The reason is that Congress recognized that giving notice would seriously impede the collection of taxes. *See Ip v. United States*, 205 F.3d 1168, 1172 (9th Cir. 2000).

The Ninth Circuit, exploring whether to interpret the notice requirement exception in 26 U.S.C. § 7609(c)(2)(D)(i) literally, determined that each clause of subsection (D) "must be interpreted in terms of the ownership interest in the records that are sought by the summons." *Id.* at 1175. The court held that "the notice exception in [§ 7609(c)(2)(D)] applies only where the assessed taxpayer has a recognizable legal interest in the records summoned." *Id.* at 1176 (citation and modifications omitted).[1] Ip did not have a recognizable interest so notice was required. Here, by contrast, petitioner as the assessed taxpayer has a legally cognizable interest in the documents and records requested from the custodians of records. *See* Pet. ¶ 4 ("The records sought by the Summonses relate to the Petitioner and are Petitioner's personal records."). Therefore, the notice

---

[1] *Ip* actually cites § 7609(c)(2)(B), but it is clear from the language interpreted that they were interpreting what is now in § 7609(c)(2)(D).

ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE—No. 07-MISC-80106 RMW
MAG                                             3

1  exception applies and petitioner was not legally entitled to notice under § 7609(a) nor may he resort
2  to the procedure to quash the summons set forth in 26 U.S.C. § 7609(b).  Without the right to notice,
3  there is no standing under section 7609(h) to bring a petition to quash.  *See Ip*, 205 F.3d at 1170 n.3.

### B. Petition to Quash

Respondent argues that although petitioner may seek to quash the third-party summonses issued to the custodians of records pursuant to § 7609(b), these summonses should be enforced and petitioners' efforts to quash them be denied.  Even assuming the court had subject matter jurisdiction, the court would deny petitioner's motion to quash.

The IRS has broad statutory power to summon information relevant to the investigation of any taxpayer's liability.  *Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir. 1985); 26 U.S.C. § 7602.  The IRS may summon information from the taxpayer or may require production from "any person" holding records "relating to the business of the person liable for tax" or "any other person the Secretary or his delegate may deem proper." 26 U.S.C. § 7602(a).  In order to overcome a motion to quash and establish a *prima facie* case for enforcement of a summons, the IRS must show that (1) the summons was for a legitimate purpose; (2) the material sought was relevant to such purpose; (3) the IRS did not already possess the information sought; and (4) the IRS complied with all of the administrative steps required by the Internal Revenue Code.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964);  *Lidas v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001). The burden on the IRS is "minimal."  *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990).  Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make a *prima facie* case.  *Id.*  A "heavy" burden then shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient.  *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).

Here, respondents have made a *prima facie* showing that petitioner's petition to quash should be denied as to the third-party record keepers.  According to respondents, the summonses were issued to the custodians of records as part of an IRS attempt to collect on an assessment against petitioner.  Garza Decl. ¶¶ 1, 2.  Petitioner was assessed taxes by the IRS for the years 2001 through 2004. *Id.* ¶ 1.  The IRS seeks to locate assets owned or controlled

by petitioner for the purpose of collecting these assessed federal income taxes. *Id.* ¶ 7. The material sought in the summons issued to the custodians of records includes, *inter alia*, information about mortgages apparently held by petitioner, including the amount and balance of the obligation, the type of property involved, the amount of payment on the mortgage and copies of the three most recent forms of payment, and the associated loan applications, contracts, deeds of trust, insurance documents and promissory notes. *Id.*, Ex. A. This requested information satisfies a *prima facie* showing that the material sought was relevant to the stated collection purpose. The IRS did not already possess the information sought by the summonses. *Id.* ¶ 6. Finally, as discussed above, petitioner's assertions to the contrary notwithstanding, it appears that the IRS complied with the administrative steps required by the Internal Revenue Code in issuing the summons to the custodians of records. *Id.* ¶¶ 2-5. The IRS properly issued the third-party summonses to these entities. *Id.* ¶ 3. As discussed above, an attested notice to petitioner was not required under the notice exemption of 26 U.S.C. § 7609(c)(2)(D)(i).

A taxpayer challenging enforcement of a summons "must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (citations omitted). Petitioner offers no evidence of abuse of the summons process or lack of institutional good faith. Instead, petitioner asserts (1) that the IRS has classified him as a tax protestor and has abandoned the pursuit of a civil tax determination or collections against him and (2) that the IRS seeks the requested information as part of a criminal investigation, which may not have formally recommended in order to use the civil process to access information to which it would not otherwise be entitled. Pet. ¶ 5(A)-(D). According to respondents, no Justice Department criminal referral is in effect with respect to petitioner. Garza Decl. ¶ 9. Although petitioner asserts in his petition that he will provide an "affidavit and Summary of Authorities" in which he "will enumerate the government's actions, which speak louder than words and show that the true nature of this investigation and the purpose of the government to circumvent the tradition role fo the grand jury and other Constitutional protections . . .", Pet. ¶ 7, petitioner has filed no such document. As such, there

ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE—No. 07-MISC-80106 RMW
MAG                                                         5

is no support for petitioner's assertions that the IRS seeks to conduct investigation for a criminal matter in issuing the summons to the custodians of records.

**C.     Enforcement**

Respondents' motion seeks enforcement of the IRS summonses. 26 U.S.C. § 7604 confers the authority to enforce IRS summonses in certain situations, stating in relevant part:

> (a) Jurisdiction of district court.–If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
>
> (b) Enforcement.–Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt.

"Once a summons is challenged it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose and is not meant 'to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.'" *United States v. Bisceglia*, 420 U.S. 141, 146 (1975). Courts apply the *Powell* factors discussed above to establish a *prima facie* case for enforcement of a summons. *Powell*, 379 U.S. at 57-58. As set forth above, it appears that the information the IRS seeks by way of the summonses issued to the custodians of records meet the *Powell* factors and are relevant to the legitimate investigative purpose of determining the location of petitioner's assets for purposes of collecting on the tax assessment made against him for years 2001 through 2004.

On Thursday, August 2, 2007, the day before the scheduled oral argument on the matter, petitioner submitted an opposition to the respondents' motion to enforce, acknowledging that the opposition was late but nevertheless asking the court to consider it. In his opposition, petitioner informs the court that he will not be appearing at the hearing and repeats his contentions, addressed above, that the information is sought for the sole purpose of

ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE—No. 07-MISC-80106 RMW
MAG                                          6

a criminal investigation. Petitioner's opposition adds no factual support for his position. Additionally, petitioner challenges respondents' assertion that the IRS has completed the required administrative steps in serving the third-party summonses on the custodians of record, stating that the summonses were improperly served by certified mail rather than by hand. This contention is without merit as 26 U.S.C. § 7603(b) expressly permits service of summons by certified mail to third-party recordkeepers. 26 U.S.C. § 7603(b)(1) ("A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.")

In conclusion, petitioner has presented no evidence that the IRS seeks information from the custodians of record for the purpose of harassing or otherwise pressuring him. His arguments regarding respondents' failure to comply with IRS procedure are without merit. Therefore petitioner fails to rebut the respondent's *prima facie* case. Summary enforcement of the summonses is appropriate.

### III. ORDER

For the foregoing reasons, the court dismisses petitioner's petition to quash for lack of subject matter jurisdiction. The summonses to Wells Fargo Home Mortgage, Central Mortgage Company, Select Portfolio Servicing Inc., Downey Savings and Loan, and Wilshire Credit Corporation shall be enforced.

DATED:     10/11/07

RONALD M. WHYTE
United States District Judge

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Petitioner (Pro Se):**

Marc Pretscher
P. O. Box 495
Santa Cruz, CA 95061

**Counsel for respondents:**

Thomas Moore
U.S. Attorney's Office
450 Golden Gate Avenue, 10th Floor
Box 36055
San Francisco, CA 94102
Email: tom.moore@usdoj.gov

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**DATED:**   10/11/07                              /s/ MAG
                                        **Chambers of Judge Whyte**